**08CR 303**

**FILED**
APR 2 9 2008
APR 29 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

USA,

                        Plaintiff(s),

v.                                      Case No. 4:04-cr-50062-PVG-WC

Jordan Vandesteene,

                        Defendant(s).

---

### NOTICE OF TRANSFER OF JURISDICTION OF PROBATIONER

TO: U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

    The above entitled case has been transferred to your Court under the provisions of 18 U.S.C. § 3605, authorizing transfer of jurisdiction of probationer. Enclosed is the Order of Transfer and certified copies of the docket sheet, Indictment, and Judgment.

    Please acknowledge receipt of these documents by returning a time-stamped copy of this Notice to:

        Clerk's Office
        U.S. District Court for the Eastern District of Michigan
        600 Church Street
        Flint, MI
        48502
        (810) 341-7840

### Certification

    I hereby certify that this Notice was electronically filed, and the parties and/or counsel of record were served.

                                DAVID J. WEAVER, CLERK OF COURT

                                By: s/ K. Gehanian
                                    Deputy Clerk

Dated: April 24, 2008

**FILED**
APR 2 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# U.S. District Court
## Eastern District of Michigan (Flint)
## CRIMINAL DOCKET FOR CASE #: 4:04-cr-50062-PVG-WC-9
### Internal Use Only

Case title: USA v. Waitman

Date Filed: 09/29/2004
Date Terminated: 11/17/2005

Assigned to: District Judge Paul V Gadola
Referred to: Honorable Wallace Capel

### Defendant (9)

**Jordan Vandesteene**
*TERMINATED: 11/17/2005*

represented by **Erwin F. Meiers, III**
1034 S. Grand Traverse
Flint, MI 48502
810-238-0900
Fax: 810-238-0066
Email: efmpc@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Federal Defender**
Federal Defender Office
653 S. Saginaw
Suite 105
Flint, MI 48502-1523
810-232-3600
*TERMINATED: 04/18/2005*
Designation: Public Defender or Community Defender Appointment

**Philip R. Sturtz**
Sturtz & Sturtz
608 S. Michigan
Saginaw, MI 48602
989-799-4701
Email: sues-s@chartermi.net
*TERMINATED: 04/18/2005*
Designation: CJA Appointment

[Clerk's certification stamp: I hereby certify that the foregoing is a true copy of the original on file in this office. CLERK, U.S. DISTRICT COURT EASTERN DISTRICT OF MICHIGAN By [signature] Deputy]

**Pending Counts**

**Disposition**

IMPRISONMENT: 23 MONTHS;

| | |
|---|---|
| CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE (1) | SUPERVISED RELEASE: 3 YEARS; SPECIAL ASSESSMENT FEE: $100.00; FINE: $2,000.00. [SUPERVISED RELEASE CONDITIONS MODIFIED: DEFENDANT SHALL NOT USE OR POSSESS ALCOHOL IN ANY CONSUMABLE FORM, NOR SHALL THE DEFENDANT BE IN THE SOCIAL COMPANY OF ANY PERSON WHO THE DEFENANT KNOWS TO BE IN POSSESSION OF ALCOHOL OR ILLEGAL DRUGS, OR VISIBLY AFFECTED BY THEM. DEFENDANT SHALL NOT, FOR ANY PURPOSE OTHER THAN EMPLOYMENT, FREQUENT ESTABLISHMENTS THAT SERVE ALCOHOL FOR CONSUMPTION, WITH THE EXCEPTION OF RESTAURANTS] |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE (2) | DISMISSED |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

USA            represented by    **James C. Mitchell - INACTIVE**
U.S. Attorney's Office
600 Church Street
Suite 210
Flint, MI 48502-1280
810-766-5177
Email: USAMIE.ECFFLI@usdoj.gov
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*
*Designation: U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/06/2005 | 63 | PETITION AND ORDER to Seal Second Superseding Indictment and Arrest Warrants as to Matthew Kachman, Mark Hoffman, Jordan Vandesteene. Signed by Honorable Wallace Capel. (THal, ) (Entered: 04/15/2005) |
| 04/12/2005 | 64 | PETITION AND ORDER to Unseal Second Superseding Indictment and Arrest Warrants as to Matthew Kachman, Mark Hoffman, Jordan Vandesteene. Signed by Honorable Wallace Capel. (THal, ) (Entered: 04/15/2005) |
| 04/12/2005 | 65 | SECOND SUPERSEDING INDICTMENT as to Matthew Kachman (2) count(s) 1s-2s, 3s, 4s, Mark Hoffman (8) count(s) 1-2, 3, 4, Jordan Vandesteene (9) count(s) 1-2. (TIME STAMP DATE: 4/6/05). (THal, ) Modified on 4/15/2005 (THal, ). (Entered: 04/15/2005) |
| 04/12/2005 | 66 | (Court only) Warrant for Arrest Issued as to Mark Hoffman, Jordan Vandesteene. (TIME STAMP DATE: 4/6/05). (THal, ) (Entered: 04/15/2005) |
| 04/12/2005 | 68 | Warrant for Arrest Returned Executed on 4/12/05 as to Jordan Vandesteene. (THal, ) (Entered: 04/15/2005) |
| 04/12/2005 | 69 | ORDER OF TEMPORARY DETENTION as to Jordan Vandesteene. Signed by Honorable Wallace Capel. (THal, ) (Entered: 04/15/2005) |
| 04/12/2005 | 70 | ORDER APPOINTING FEDERAL DEFENDER as to Jordan Vandesteene. Signed by Honorable Wallace Capel. (THal, ) (Entered: 04/15/2005) |
| 04/12/2005 |  | Minute Entry for proceedings held before Honorable Magistrate Judge Wallace Capel : Initial Appearance as to Jordan Vandesteene. Detention Hearing set for 4/14/2005 02:00 PM. (Tape #: CR 05-4) (Defendant Attorney: David Koelzer) (AUSA: James Mitchell) (PPel, ) (Entered: 04/15/2005) |
| 04/14/2005 | 71 | ATTORNEY APPEARANCE: Erwin F. Meiers, III appearing for Jordan Vandesteene. (THal, ) (Entered: 04/15/2005) |
| 04/14/2005 | 75 | ACKNOWLEDGEMENT of Second Superseding Indictment by Jordan Vandesteene. (THal, ) (Entered: 04/15/2005) |
| 04/14/2005 | 76 | ORDER Setting Conditions of Release as to Jordan Vandesteene (9) $25,000 Unsecured. Signed by Honorable Wallace Capel. (THal, ) (Entered: 04/15/2005) |
| 04/14/2005 | 77 | Bond as to Jordan Vandesteene in the amount of $25,000 Unsecured entered. (THal, ) (Entered: 04/15/2005) |
| 04/14/2005 |  | Minute Entry for proceedings held before Honorable Magistrate Judge |

| | | |
|---|---|---|
| | | Wallace Capel : Arraignment as to Jordan Vandesteene (9) Count 1-2 held on 4/14/2005. Disposition: NOT GUILTY PLEA ENTERED (Tape #: CR 05-4) (Defendant Attorney: Erwin Fred Meiers, III) (AUSA: James Mitchell) (PPel, ) (Entered: 04/15/2005) |
| 04/14/2005 | | Minute Entry for proceedings held before Honorable Magistrate Judge Wallace Capel : Detention Hearing as to Jordan Vandesteene held on 4/14/2005. Disposition: BOND SET: $25,000.00 UNSECURED (Tape #: CR 05-4) (Defendant Attorney: Erwin Fred Meiers, III) (AUSA: James Mitchell) (PPel, ) (Entered: 04/15/2005) |
| 04/18/2005 | 80 | SCHEDULING ORDER as to Matthew Kachman, Mark Hoffman, Jordan Vandesteene Jury Trial set for 7/5/2005 09:00 AM before Honorable Paul V Gadola. Signed by Honorable Paul V Gadola. (RCho, ) (Entered: 04/18/2005) |
| 04/18/2005 | | (Court only) ***Excludable started as to Mark Hoffman, Jordan Vandesteene:, ***Excludable(s) stopped as to Mark Hoffman, Jordan Vandesteene (RCho, ) (Entered: 04/18/2005) |
| 04/18/2005 | 85 | CJA 20 as to Jordan Vandesteene: Appointment of Attorney Philip R. Sturtz for Jordan Vandesteene, in place of Federal Defender. Signed by Honorable Wallace Capel. (THal, ) (Entered: 04/20/2005) |
| 05/23/2005 | 89 | PLEA AGREEMENT as to Jordan Vandesteene. (DWor, ) (Entered: 05/23/2005) |
| 06/07/2005 | | Minute Entry for proceedings held before Honorable Paul V Gadola : Plea Hearing, Plea Entered by Jordan Vandesteene (9) Guilty Count 1 of Second Superseding Indictment. Sentencing set for 9/14/2005 02:30 PM before Honorable Paul V Gadola.(Court Reporter: Jennifer Chase) (Defendant Attorney: Erwin F. Meiers) (AUSA: James C. Mitchell) (RCho, ) (Entered: 06/07/2005) |
| 06/16/2005 | 99 | NOTICE TO APPEAR as to Jordan Vandesteene, Sentencing set for 9/14/2005 2:30 PM before Honorable Paul V Gadola. (PMil, ) Modified on 7/7/2005 (PMil, ). (Entered: 06/16/2005) |
| 07/07/2005 | 101 | NOTICE of Correction re 99 Notice to Appear as to Jordan Vandesteene. (PMil, ) (Entered: 07/07/2005) |
| 09/09/2005 | 115 | STIPULATION AND ORDER ADJOURNING SENTENCING as to Jordan Vandesteene. Sentencing reset for 10/26/2005 02:00 PM before Honorable Paul V Gadola. Signed by Honorable Paul V Gadola. (RCho, ) (Entered: 09/09/2005) |
| 09/20/2005 | 119 | MOTION for downward departure *pursuant to 5K1.1 based on substantial assistance* by USA as to Jordan Vandesteene. (Mitchell, James) (Entered: 09/20/2005) |
| 10/24/2005 | 130 | NOTICE TO APPEAR as to Jordan Vandesteene, Sentencing set for 11/8/2005 02:00 PM before Honorable Paul V Gadola. (PMil, ) (Entered: 10/24/2005) |
| | | |

| 11/08/2005 | ● | Minute Entry Sentencing not held as to Jordan Vandesteene. Sentencing reset for 11/17/2005 10:00 AM before Honorable Paul V Gadola. Disposition: Adjourned (RCho, ) (Entered: 11/08/2005) |
|---|---|---|
| 11/17/2005 | ● | Minute Entry for proceedings held before Honorable Paul V Gadola : Sentencing held as to Jordan Vandesteene. (Court Reporter: Jennifer Chase) (Defendant Attorney: Erwin F. Meiers, III) (AUSA: James C. Mitchell) (RCho, ) (Entered: 11/17/2005) |
| 11/17/2005 | ●132 | JUDGMENT as to Jordan Vandesteene. Signed by Honorable Paul V Gadola. (THal, ) (Entered: 11/21/2005) |
| 01/17/2006 | ●137 | Judgment Returned Executed as to Jordan Vandesteene on 1/4/06. (THal, ) (Entered: 01/18/2006) |
| 01/25/2008 | ●150 | ORDER with request modifying terms of supervised release as to Jordan Vandesteene. Signed by Honorable Paul V Gadola. (DPer) (Entered: 01/28/2008) |
| 04/24/2008 | ●152 | TRANSFER OF JURISDICTION to USDC Northern District of Illinois as to Jordan Vandesteene. (KGeh) (Entered: 04/24/2008) |
| 04/24/2008 | ●153 | NOTICE transferring case to *NORTHERN DISTRICT OF ILLINOIS* as to Jordan Vandesteene. (KGeh) (Entered: 04/24/2008) |



w1-8
w1-9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

APR 0 6 2005

U.S. DISTRICT COURT
FLINT, MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

v.

NO. 04-50062

HON. PAUL V. GADOLA
United States District Judge

D-2, MATTHEW KACHMAN,
D-8, MARK HOFFMAN, and
D-9, JORDAN VANDESTEENE,
        Defendants.
_____/

## SECOND SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE

Conspiracy to Possess With Intent to Distribute and to Distribute MDMA
(21 U.S.C. §§ 841(a)(1) & 846)
D-2 MATTHEW KACHMAN
D-8 MARK HOFFMAN
D-9 JORDAN VANDESTEENE

That from about January, 2001, to about September 28, 2004, in the Eastern

District of Michigan, and elsewhere, defendants MATTHEW KACHMAN, MARK

I hereby certify that the foregoing is a true copy of the original on file in this office.

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

By _____ Deputy

HOFFMAN and JORDAN VANDESTEENE did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other and with other persons whose names are both known and unknown to the Grand Jury, to commit offenses against the United States, that is, the possession with intent to distribute, and the distribution, of Methylenedioxymethamphetamine (MDMA), commonly referred to as "ecstasy", a Schedule I controlled substance, in violation of Title 21, U.S.C. §§ 841(a)(1), and 846.

## COUNT TWO

Distribution of MDMA
(21 U.S.C. §841(a)(1))
Aiding and Abetting
(18 U.S.C. § 2)

D-2 MATTHEW KACHMAN
D-8 MARK HOFFMAN
D-9 JORDAN VANDESTEENE

That from about January, 2001, to about September 28, 2004, in the Eastern District of Michigan, defendants MATTHEW KACHMAN, MARK HOFFMAN and JORDAN VANDESTEENE did knowingly and intentionally distribute Methylenedioxymethamphetamine (MDMA), commonly referred to as "ecstasy", a Schedule I controlled substance, and did aid and abet one another in doing so; in

violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT THREE

Conspiracy to Import MDMA
(21 U.S.C. §952(a), 960(b)(3) & 963)

D-2 MATTHEW KACHMAN
D-8 MARK HOFFMAN

That from about January, 2001, to about September 28, 2004, in the Eastern District of Michigan, defendants MATTHEW KACHMAN and MARK HOFFMAN did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other and with other persons whose names are both known and unknown to the Grand Jury, to commit an offense against the United States, that is, the importation into the United States, from Canada, of quantities of 3,4 Methylenedioxymethamphetamine (MDMA), commonly referred to as "ecstasy", a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(b)(3) & 963.

# COUNT FOUR

Importation of MDMA
(21 U.S.C. §§ 952(a) & 960(b)(3))
Aiding and Abetting
(18 U.S.C. § 2)

D-2 MATTHEW KACHMAN
D-8 MARK HOFFMAN

That from about January, 2001, to about September 28, 2004, in the Eastern District of Michigan, defendants MATTHEW KACHMAN and MARK HOFFMAN did knowingly and intentionally import into the United States, from Canada, quantities of 3,4 Methylenedioxymethamphetamine (MDMA), commonly referred to as "ecstasy", a Schedule I controlled substance,

and did aid and abet one another in doing so; in violation of Title 21, United States Code, Sections 952(a) & 960(b)(3), and Title 21 United States Code, Section 2.

**THIS IS A TRUE BILL.**

FOREPERSON

Dated: April 6, 2005

STEPHEN J. MURPHY
United States Attorney

*Robert W. Haviland*
ROBERT W. HAVILAND
Assistant U. S. Attorney-in-Charge

JAMES C. MITCHELL
Assistant U. S. Attorney
210 Federal Building
600 Church Street
Flint, MI 48502
(810) 766-5032

# Criminal Case Cover Sheet

**ORIGINAL**

United States District Court
Eastern District of Michigan

Case Number 04-CR-50062

**FILED**

APR 0 6 2005

U.S. DISTRICT COURT
FLINT, MICHIGAN

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☐ No | AUSA's Initials: |

**Case Title:** USA v. D-2 MATTHEW KACHMAN, D-8 MARK HOFFMAN, AND D-9 JORDAN VANDESTEENE

County where offense occurred: Genesee

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

☐ Indictment____ /Information____ no prior complaint.
☐ Indictment____ /Information____ based upon prior complaint [Case number: _____]
☐ Indictment____ /Information____ based upon LCrR 57.10 (d) [Complete Superseding section below].

## Superseding Case Information:

Superseding to Case No: 04-CR-50062     Judge: Gadola

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges |
|---|---|
| Mark Hoffman | 21 U.S.C. §841(a)(1) & 846 and 21 U.S.C. §952(a), 960(b)(3) & 963 |
| Jordan Vandesteene | 21 U.S.C. §841(a)(1) & 846 |

April 6, 2005
Date

JAMES C. MITCHELL (P17833)
Assistant United States Attorney

(810) 766-5032
Phone Number

[1] Companion cases are matters in which it appears that substantially similar evidence will be offered at trial or the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/1/99

AO 245 S (Rev. 4/95) Sheet 1 - Judgment in a Criminal Case

6

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

JORDAN VANDESTEENE,
    Defendant.

U.S. DIST. COURT CLERK
EAST DIST. MICH
FLINT

2005 NOV 17 P 4: 16

Case Number CR 04-50062-09-FL
USM No. 32294-039
Hon. Paul V. Gadola

FILED

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, JORDAN VANDESTEENE, was represented by Erwin F. Meiers, III.

- The defendant pleaded guilty to count **One of Second Superseding Indictment**.
- **Count Two of Second Superseding Indictment** is dismissed on the motion of the United States.

**ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense:**

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 841(a)(1) & 846 | Conspiracy to Possess With Intent to Distribute and to Distribute MDMA | 09/28/04 | One |

The defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed: _11/17/05_

November 17, 2005
Date of Imposition of Judgment

_Paul V Gadola_
Paul V. Gadola
United States District Judge

I hereby certify that the foregoing is a true copy of the original on file in this Office.

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

By_____
    Deputy

AO 245 S (Rev. 11/97) Sheet 2 - Imprisonment

Defendant: JORDAN VANDESTEENE
Case Number: CR 04-50062-09-FL

## IMPRISONMENT

Pursuant to the Sentencing Reform Act of 1984, the Court, considering the Sentencing Guidelines and factors contained in 18 U.S.C. 3553(a), hereby commits the defendant to the custody of the United States Bureau of Prisons to be imprisoned for a term of **23 months** .

While in custody, the defendant shall participate in the Inmate Financial Responsibility Program (IFRP). The Court is aware of the requirements of the IFRP and approves the payment schedules of this program and hereby orders the defendant's compliance.

- The Court makes the following recommendations to the Bureau of Prisons: that the defendant be designated to an institution with the Comprehensive Drug Treatment Program. It is a further recommendation that the defendant be designated to Morgantown, West Virginia.

- The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: before 2 p.m. on a date to be determined by the Bureau of Prisons. Bond is hereby Continued and shall be Cancelled upon surrender of the defendant.

## RETURN

**I have executed this Judgment as follows:**

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 11/97) Sheet 3 - Supervised Release

Defendant: JORDAN VANDESTEENE
Case Number: CR 04-50062-09-FL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

The defendant shall report to the probation office in the district to which the defendant is released within *72 hours* of release from the custody of the Bureau of Prisons.

- The defendant shall not commit another federal, state or local crime.
- The defendant shall not illegally posses a controlled substance.

**FOR OFFENSES COMMITTED ON OR AFTER SEPTEMBER 13, 1994**

*The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.*

- The defendant shall not own or possess a firearm, destructive device, or dangerous weapon as defined in 18 U.S.C. § 921.

If this judgment imposes a fine, or a restitution obligation, it shall be a condition of supervised release that the defendant pay, as directed by the Probation Office, any such fine, assessments, costs, or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with any additional conditions as listed on the attached page entitled special conditions of supervision

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 11/97) Sheet 3 - Supervised Release - Special Conditions

Defendant: JORDAN VANDESTEENE
Case Number: CR 04-50062-09-FL

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the Probation Department access to any requested financial information.

2. The defendant shall not incur new charges or open additional lines of credit without the approval of the Probation Department unless the defendant is in compliance with the payment schedule.

3. If necessary, the defendant shall participate in a program approved by the Probation Department for substance abuse, which program may include testing to determine if the defendant has reverted to the use of drugs or alcohol.

4. The defendant shall make monthly installment payments on any remaining balance of the fine and special assessment at a rate and schedule recommended by the Probation Department and approved by the Court.

5. The defendant shall not use or possess alcohol in any consumable form, nor shall the defendant be in the social company of any person who the defendant knows to be in possession of alcohol or illegal drugs or visibly affected by them. The defendant shall not be found at any place that serves alcohol for consumption on the premises, with the exception of restaurants.

Judgment-Sheet 3.01

AO 245 S (Rev. 11/97) Sheet 5, Part A - Criminal Monetary Penalties

Defendant: JORDAN VANDESTEENE
Case Number: CR 04-50062-09-FL

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ 2,000.00 | $ 0.00 |

If applicable, restitution amount ordered pursuant to plea agreement        $0.00

## FINE

The above fine includes the costs of incarceration and/or supervision in the amount of $ 0.00

The defendant shall pay interest on any fine of more than *$2,500, unless the fine is paid in full before the fifteenth day (15th) day after the date of judgment,* pursuant to 18 U.S.C. § 3612(f). All of the payment options in Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

■ **THE INTEREST REQUIREMENT IS WAIVED.**

AO 245B (Rev. 12/03) Sheet 6 — Schedule of Payments

DEFENDANT: JORDAN VANDESTEENE
CASE NUMBER: 04-50062-09-FL

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [ ] Lump sum payment of $ _____ due immediately, balance due

    [ ] not later than _____ , or
    [ ] in accordance    [ ] C,   [ ] D,   [ ] E, or   [ ] F below; or

B [X] Payment to begin immediately (may be combined with   [ ] C,   [ ] D, or   [ ] F below); or

C [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [X] Special instructions regarding the payment of criminal monetary penalties:

The defendant shall make monthly installment payments on any remaining balance of the fine and special assessment at a rate and schedule recommended by the Probation Department and approved by the Court.

Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance. All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States: See attached

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.